IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 05-cv-01622-MSK-CBS

DEBRA L. ALARID,

        Plaintiff,

v.

COCA-COLA ENTERPRISES,

        Defendant.

_____

**OPINION AND ORDER DENYING MOTION FOR RECONSIDERATION**
_____

        **THIS MATTER** comes before the Court pursuant to the Defendant's Motion for Reconsideration **(# 32)** of the Court's February 1, 2007 oral Opinion and Order **(# 28)** denying Motion for Summary Judgment **(# 18)**, the Plaintiff's response **(# 35)**, and the Defendant's reply **(# 36)**.

        Familiarity with the Court's underlying Opinion and Order is assumed. The Defendant requests reconsideration, alleging that the Court misinterpreted the evidence regarding the June 3, 2003 discipline administered to the Plaintiff. The Defendant alleges that the Plaintiff failed to timely transmit an order; the Plaintiff contended that she had previously contacted her supervisor and obtained advance permission to transmit the order later. The Court found that, taking the evidence in the light most favorable to the Plaintiff, the jury could reasonably infer that her supervisor granted her permission to put in the order after the deadline.

        In the instant motion, the Defendant contends that the Court misapprehended the evidence

in the record with regard to the Plaintiff's supervisor's involvement in the matter.  The Plaintiff's actual deposition testimony on this issue is that on the date in question, she had previously advised her supervisor, Jake Bartlett, of her need to attend a dentist appointment during the workday, and Bartlett agreed to permit her to do so.  When the dentist appointment ran longer than expected, the Plaintiff called her office and spoke to an individual named JoJo.  The Plaintiff advised JoJo of the situation, and asked that Bartlett come retrieve the order so that it could be submitted timely. JoJo responded that it would be acceptable for the Plaintiff to wait to submit the order until she returned to the office.

The Defendant is correct that the evidence does not show that Bartlett personally gave the Plaintiff permission to submit the order late.  In this respect, the Defendant's Motion for Reconsideration is well-taken, and the Court reconsiders the merits of the Defendant's Motion for Summary Judgment mindful of the correct facts.  However, upon reconsideration, the Court still concludes that denial of the Motion for Summary Judgment was appropriate, and for essentially the same reasons as previously given. Taken in the light most favorable to the Plaintiff, the Plaintiff was given permission to submit the order late on June 2, 2003.  Whether that permission was granted directly by Bartlett, or by someone else in the office who apparently had the authority to do so,[1]  is irrelevant.   The jury could reasonably find that, if the Plaintiff had permission to transmit the order later, regardless of who it came from, the disciplinary notice issued to her on June 2, 2003 was improper.  The legitimate, non-discriminatory reason proffered by the Defendant for the Plaintiff's termination was that she accumulated four disciplinary notices in a

---

[1] The Defendant's motion does not assert that JoJo lacked the authority to authorize the Plaintiff to transmit the order later.

one-year period, thereby warranting her termination. If the June 2, 2003 notice was improperly issued, the legitimacy of the non-discriminatory reason given by the Defendant for the Plaintiff's termination is open to question, and summary judgment is properly denied. Whether or not the jury concludes that the defects in the June 2, 2003 disciplinary notice were or should have been known by the individual making the decision to terminate the Plaintiff, and whether that knowledge warrants an inference of discrimination, are matters that require trial.

Accordingly, the Defendant's Motion for Reconsideration **(# 32)** is **GRANTED IN PART**, insofar as the Court has reconsidered its evaluation of the Motion for Summary Judgment in light of the correct facts shown in the record, and **DENIED IN PART**, insofar as, upon reconsideration, the Court nevertheless concludes that summary judgment is properly denied.

Dated this 19th day of September, 2007

                                      **BY THE COURT:**

                                      Marcia S. Krieger
                                      United States District Judge